HENRY H. DREYER, Appellant, *v.* ROSCOE M. WIERS, Respondent.

(Supreme Court, Appellate Term, First Department, June, 1921.)

Landlord and tenant — recovery of possession of apartment for use of landlord and family — demand must be in good faith — Laws of 1920, chap. 942.

> In a proceeding to recover possession of a tenant's apartment on the ground that it was to be used forthwith for the landlord and his family, the only condition imposed by the statute (Laws of 1920, chap. 942) is that the demand for possession must be made in good faith.
> A final order granting a motion to dismiss the proceeding unless the landlord agreed to exchange apartments with the tenant is unauthorized and will be reversed and a new trial ordered.

APPEAL by the landlord from a final order of the Municipal Court of the city of New York, borough of Manhattan, seventh district, reading as follows: "Motion to dismiss granted unless the landlord agrees to exchange apartment with tenant, latter to pay $110 for the seven room apartment, after trial."

Isaac Hyman, for appellant.

Spoor & Russell (Wm. E. Russell, of counsel), for respondent.

FINCH, J. The proceding was brought by the landlord to recover possession of the apartment on the ground that the same was to be used forthwith by himself and family, in accordance with the provisions of the statutes familiarly known as the Housing Laws (Laws of 1920, chap. 942). The landlord occupied a seven-room apartment in the same building, but as his family was about to be reduced in size by the marriage of his daughter and his wife was too old and infirm to alone care for the larger apartment, the landlord desired to obtain the five-room apartment occupied by the tenant.

The court declined to consider the question of the good faith of the landlord's demand, holding that it was not the intention of the legislature to permit any choice of apartments to a landlord occupying an apartment in the same house.

In this the learned court was in error. The only condition imposed by the legislature to the right of possession of a landlord who desires the premises for his personal occupancy is that such demand is made in good faith. It is not to be presumed that the legislature intended to place any greater restrictions upon the usual rights incident to ownership than provided by the language used. If the landlord in good faith desired to occupy for himself and his family the apartment in question, the court below was without authority to impose as a condition that the landlord permit the tenant to occupy the larger apartment at the rent fixed.

It follows that the order should be reversed, and a new trial ordered, with thirty dollars costs to appellant to abide the event.

BIJUR and DELEHANTY, JJ., concur.

Order reversed and new trial ordered, with thirty dollars costs to appellant to abide event.